■ In the Matter of the Arbitration between TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant, and BRIDGE AND TUNNEL OFFICERS BENEVOLENT ASSOCIATION, INC., Respondent.—Judgment, Supreme Court, New York County, entered June 15, 1976, dismissing the petition and directing the parties to proceed to arbitration, affirmed without costs or disbursements. Bridge and tunnel officers employed by the Triborough Bridge and Tunnel Authority were afforded the status of peace officers effective May 31, 1974 (CPL 1.20, subd 33, par [x]). A bridge and tunnel officer made an arrest as a peace officer while on his day off and requested payment from the authority for the two days he was required to spend in court in connection with that arrest. This request was refused initially by the authority and also at each of three stages of the grievance procedure. The union then demanded arbitration of the issue, to which the authority responded by making application at Special Term for a stay of arbitration. Special Term denied the stay and we would affirm. The bargaining agreement provides that the terminal step in the grievance procedure should be "final and binding arbitration for all issues arising out of the interpretation and application of the parties' agreement." A grievance is defined in the agreement as including: "(A) A dispute concerning the application or interpretation of this collective bargaining agreement; (B) A claimed violation, misinterpretation, or misapplication of the rules or regulations, existing policy, or orders applicable to the agency which employs the grievant affecting the terms and conditions of employment". The dispute in the case at bar encompasses the validity of authority policy not to afford compensation to its employees who make arrests while "off duty." It also involves the question as to whether the arrest made was job related and constituted on-duty time in view of the bridge officers' status as peace officers. Both of these issues, absent specific exclusionary language, appear reasonably within the purview of the arbitration agreement *(Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 385) and are therefore arbitrable *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 96). Concur—Birns, Capozzoli, Lane and Nunez, JJ.; Murphy, J. P., dissents in the following memorandum: I would grant the application to stay arbitration. Officer Keno, a member of the collective bargaining group represented by respondent, while on his regular day off, made an arrest completely unrelated to his regular duties; and now seeks wages for the two days required to be spent in court appearances in

connection therewith. I find nothing in the collective bargaining agreement covering this issue or any reasonable relationship between said agreement and the subject matter of dispute sufficient to support a claim of arbitrability. Keno was clearly acting outside the scope of his employment when he made his arrest and such activity was never intended to be covered by any existing agreement covering the employment relationship.